RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/23/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANDY R. THOMPSON | DOCKET NO. 12-CV-1605; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AVC CORRECTIONAL CENTER STAFF | MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Pro se Plaintiff Sandy R. Thompson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 and *in forma pauperis*. Plaintiff was ordered to amend his complaint to provide more specific information to the Court. After reviewing Plaintiff's complaint, amended complaint, and exhibits, a Report and Recommendation was issued on January 25, 2013 [Doc. #12], recommending that Plaintiff's claim be denied and dismissed. Plaintiff requested permission to file an amended complaint, which the District Judge granted on April 5, 2013. [Doc. #24] Plaintiff's amended complaint was filed on April 12, 2013.

This matter has been referred back to the undersigned for a supplemental review, report, and recommendation. [Doc. #24]

### *Plaintiff's Allegations*

In his complaint and first amended complaint [Docs. #1, 9], Plaintiff alleged that on March 23, 2011, he and Inmate Rico Johnson were waiting to appear at disciplinary board hearings. Plaintiff and Johnson were placed in mechanical restraints of **handcuffs, leg irons, and waist chains**. [Doc. #1] Plaintiff states that there is a double lock feature on mechanical cuffs that should

prevent an inmate from removing the cuffs. [Doc. #9] Plaintiff believes that Johnson's double lock feature was not utilized because Johnson was able to remove one hand from his restraints and attack Plaintiff. [Doc. #9, 1]

Sgt. Lemoine was the first to notice the altercation. He called out "fight", alerting the other officers. Lt. Col. Ken Gremillion, Captain Steve Bordelon, and Sergeant Lemoine physically restrained Rico Johnson. [Doc. #9]

Lt. Bernard and Sergeant Lemoine directed Plaintiff to the key area where he was questioned by Capt Murphy Clark and Captain Steven Bordelon. Plaintiff was then examined by Nurse Chad Guillory. [Doc. #1] Guillory applied a bandage to one cut and "steri-strips" to another laceration. Plaintiff states that he made sick calls complaining of headaches and blurred vision on May 17, August 23 & 29, September 6, 9, & 26, and October 10, 19, and 24, 2011. Plaintiff states that he was eventually written up by Nurse Gilda Goodmen for making frequent sick calls. [Doc. #9]

Plaintiff states that, although Romaine and Bernard were initially with the offenders, both left the area and left Plaintiff and Johnson together, both shackled, but unsupervised, in violation of regulations.

### Law and Analysis

As provided in the original report and recommendation [Doc. #12]:

2

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. See Farmer, 511 U.S. at 832-34. To state a claim for failure to protect, an inmate must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834.

A prison official is "deliberately indifferent" to a risk when he "knows of **and disregards** an excessive risk to inmate health or safety." Id. at 837 (emphasis added). Deliberate indifference entails something more than mere negligence. See Estelle, 429 U.S. at 97. A prison official cannot be held liable for failing to protect an inmate unless the official knows of an excessive risk to inmate health or safety **and fails to take reasonable measure to abate it**. Farmer v. Brennan, 511 U.S. 825 (1994).

In this case, Plaintiff does not allege that the defendants had a "culpable state of mind," id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), or that the officers had a *subjective intent* to cause Plaintiff harm, see Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003). For example, Plaintiff does not claim that the defendants *intentionally* failed to use the double-lock feature on the assailant's cuffs. Also, Plaintiff states that the men were both in multiple restraints - including hand and leg shackles and chains around the waist. The defendants responded immediately and subdued the assailant. [Doc. #1-2, p.2] There are no allegations that the defendants *disregarded* the risk to Plaintiff's safety or intended for him to get hurt. Even if the defendants were *negligent* - either in misusing the cuffs or leaving the cuffed inmates alone - "[m]ere negligence or a failure to act reasonably is not enough." Mace v. City of Palestine, 333 F.3d 621, 625-26 (5th Cir. 2003); see also Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir.1996) (negligence insufficient to support failure to protect claim under §1983).

In his second amended complaint of April 12, 2013, Plaintiff

3

claims that, while he and Inmate Rico Johnson were awaiting disciplinary hearings, Johnson was told to "hold down the noise" by Lt. Bernard, Sgt. St. Romain, and Capt. Clark. The "noise", according to Plaintiff, was Johnson threatening Plaintiff. [Doc. #25, p.1] Plaintiff complains that Johnson is known by staff members for committing violent acts on both inmates and staff. [Doc. #25, p.1] Thus, Plaintiff concludes that "the officers knew of the possible risks" but left Plaintiff and Johnson alone anyway. However, knowledge of "a possible risk" is not the same as *intending* or desiring that harm occur.

Plaintiff also claims in his second amended complaint, that the officers placed him in danger of a foreseeable risk. Prisons are inherently dangerous places and they present unique problems. See U.S. v. Vanovick, 160 F.3d 395, 397 (7th Cir. 1998). A prison official cannot be held liable for failing to protect an inmate unless the official knows of an excessive risk to inmate health or safety **and disregards it or fails to take reasonable measure to abate it**. Farmer v. Brennan, 511 U.S. 825 (1994). The defendants had both inmates cuffed a prison official is "deliberately indifferent" to a risk when he "knows of **and disregards** an excessive risk to inmate health or safety." Id. at 837 (emphasis added). Here, Plaintiff and Inmate Johnson were not just handcuffed; rather, they were restrained by handcuffs, leg irons, and waist chains. [Doc. #1] Plaintiff has not presented factual

4

allegations of deliberate indifference.

Plaintiff alleges again that the defendants acted in violation of DOC procedures by leaving Plaintiff and Rico Johnson together and unattended. As set forth in the original Report and Recommendation, a prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation. See Richardson v. Thornton, 299 Fed.Appx. 461, 462-63 (5th Cir. 2008)("The failure of the prison to follow its own policies ... is not sufficient to make out a civil rights claim."); Sandoval v. Fox, 135 Fed.Appx. 691, 691-92 (5th Cir. 2005)("The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation.").

Finally, Plaintiff complains about the medical care he received. He received immediate treatment after the assault from Nurse Chad Guillory. [Doc. #1] Guillory applied a bandage to one cut and "steri-strips" to another laceration. Plaintiff made additional sick calls complaining of headaches and blurred vision on the following dates: 5/17/11, 8/23/11, 8/29/11, 9/6/11, 9/15/11, 9/26/11, 10/10/11, 10/19/11, 10/24/11. He received medical treatment, but was unsatisfied with the treatment provided. Plaintiff states that he was eventually written up by Nurse Gilda Goodmen for making frequent sick calls. [Doc. #9]

In order to state a constitutional claim regarding medical care, an inmate must allege that the officials refused to treat

him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for serious medical needs. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004)(quotation marks and citation omitted). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. & Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff's attack occurred in March 2011. After receiving his initial treatment, he only sought treatment one time from March to August 2011. Thereafter, five months after the assault, he began to make more frequent requests, seeking x-rays and a hospital visit. Plaintiff clearly disagrees with the medical department's decision not to send him for x-rays, but he does not allege conduct that would clearly evince a wanton disregard for his medical needs. A disagreement with medical care does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

### *Conclusion*

For the foregoing reasons and the reasons set forth in Doc. #12, **IT IS AGAIN RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE**, under 28 U.S.C. §1915(e)(2)(B) & 1915A,

for failing to state a claim for which relief can be granted.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE